UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------x

RICHARD GRAVINA, an individual; on behalf of himself and all others similarly situated,

                Plaintiff,

vs.

WELTMAN, WEINBERG & REIS CO., L.P.A., an Ohio Corporation; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,

                Defendants.

------------------------------------x

CASE NO.: 2:11-cv-0887-LDW-ETB

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT**

      Plaintiff, RICHARD GRAVINA ("Plaintiff"), individually, and as representative of the class of persons defined below in ¶ 4(a) ("Settlement Class"), and Defendant, WELTMAN, WEINBERG & REIS CO., L.P.A. ("Defendant" or "WELTMAN WEINBERG"), request that this Court enter an order which (i) preliminarily approves the Class Settlement Agreement ("Agreement") attached as <u>Exhibit A</u>; (ii) certifies for settlement purposes the Settlement Class as defined in Paragraph 8 of the Agreement; (iii) appoints William F. Horn, Esq. and Robert L. Arleo, Esq. as Class Counsel; (iv) appoints Plaintiff, RICHARD GRAVINA, as representative of the Settlement Class; (v) sets dates for Settlement Class members to opt-out, object, or return a claim form; (vi) schedules a hearing for final approval of the Agreement; (vii) approves the mailing of notice to Settlement Class members in the form of <u>Exhibit 1</u> to <u>Exhibit A</u>, and (viii) finds that the mailing of such notice satisfies the requirements of due process. A copy of the proposed preliminary approval order is attached as <u>Exhibit 2</u> to <u>Exhibit A</u>.

      1.    Plaintiff alleges that Defendant engaged in false and misleading collection practices, and thereby violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.*, by failing to make proper disclosure of its identity and for failing to state that the

call was for collection purposes in prerecorded messages left for Plaintiff and the Settlement Class.

2. After extensive arms-length discussion, the Parties reached an agreement to settle the claims of Plaintiff and the Settlement Class, as set forth in the Agreement, attached hereto as <u>Exhibit A</u>.

3. Counsel for the Parties have analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals. Based upon counsels' review and analysis, the Parties entered into the Agreement.

4. The Parties desire to settle and compromise the litigation on the terms and conditions embodied in the Agreement and agree as follows**:**

(a) <u>Settlement Class Certification</u>. The Parties have stipulated to certification of the following class for settlement purposes only.

(i) all persons in the State of New York (ii) for whom Weltman Weinberg left a telephonic voice message (iii) that failed to identify the caller as a debt collector or state that the call was for collection purposes (iv) made in connection with Weltman Weinberg's attempt to collect a debt (v) during a period beginning on March 11, 2010 and ending on April 7, 2011.

Defendant estimates, based on its electronic records, that there are approximately 10,000 people in the Settlement Class.

(b) <u>Relief to Plaintiff</u>**.** Defendant agrees to pay Plaintiff $2,500.00.

(c) <u>Settlement Class Recovery</u>. Defendant will create a class settlement fund of $35,0000 ("Class Recovery"), which a settlement administrator will distribute *pro rata* among Settlement Class Members who do not exclude themselves and who timely return a claim form ("Claimants"). Claimants will receive a *pro rata* share of the Class Recovery by check. Checks issued to Claimants will be void after sixty (60) days. If any portion of the Settlement Class Recovery remains

after the void date on the Claimants' checks, these remaining funds will be donated to Foundation Fighting Blindness as a *cy pres* award.

(d) <u>Attorneys' Fees and Costs</u>. Subject to the Court's approval, Defendant shall pay $37,500.00 to counsel for Plaintiff and the Settlement Class as attorneys' fees and costs incurred with respect to the Litigation.

(e) <u>Settlement Class Notice</u>. Within (thirty) 30 days of entry of the Preliminary Approval Order, Defendant shall cause actual notice, in the form of <u>Exhibit 1</u> to the Agreement, to be mailed to the last known addresses of the members of the Settlement Class, according to Defendant's records. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, the Class Administrator shall cause any such returned notice to be forwarded to the address provided within four (4) business days of receipt. If final approval is granted, the Parties shall retain the Settlement Class list and a list of Settlement Class members who opted in or excluded themselves for six (6) months thereafter, and may destroy them after that period.

(f) <u>Settlement Class Members' Right to Opt Out</u>. Any Settlement Class member may seek to be excluded from the Agreement by opting out within the time period set by this Court. Any Settlement Class member who opts out of the Settlement Class and Agreement shall not be bound by any prior Court order or the terms of the Agreement and shall not be entitled to any of the monetary benefits set forth in the Agreement.

5. Based on experience, Class Counsel expects that between 10-20% of the class members will submit claim forms. As there are approximately 10,000 Settlement Class members, if 10% of the Settlement Class members return a claim form, each Claimant will receive about $35.00. If 20% return a claim form, each Claimant will receive about $70.00.

6. The FDCPA caps a class's recovery at 1% of the debt collector's net worth. Based upon the financials that WELTMAN WEINBERG provided to Class Counsel during discovery and the nature of the claims alleged, they believe that the Agreement is fair and reasonable, would be in the best interest of the Settlement Class members, and should be approved by the Court.

7. During discovery Defendant also disclosed information relevant to the requirements of Fed. R. Civ. P. 23, including the size of the putative FDCPA class, which the

Parties have relied upon in reaching the Agreement and in bringing this motion. The proposed Agreement meets all of the requirements of Rule 23:

(a) <u>Numerosity</u>. The Settlement Class, having an estimated 2,255 members, satisfies the numerosity requirement. of Rule 23(a)(1). *See Korn v. Franchard Corp.*, 456 F.2d 1206 (2d Cir. 1972) (70 class members sufficient); see also, *Mathis v. Bess*, 138 F.R.D. 390, 393 (S.D.N.Y. 1991) (joinder impracticable based solely on fact that class had 120 members); *see also*, Newberg on Class Actions, 3rd Ed. Sec. 3.05, at 3-25.

(b) <u>Commonality</u>. "The "commonality" requirement of Rule 23(a)(2) is usually satisfied where the class members' claims arise from a common nucleus of operative fact. *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 145, 166-167 (2d Cir. 1987) (common defenses applicable to whole class satisfied commonality requirement); see also, *Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998) citing *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). The Settlement Class members have claims based on a <u>standardized</u> pre-recorded telephone message left by WELTMAN WEINBERG.

(c) <u>Typicality</u>. The "typicality" requirement of Rule 23(a)(3) is satisfied for the reasons that the "commonality" requirement of Rule 23(a)(2) is met. *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998). See also, *Robidoux v. Celani*, 987 F.2d 931, 936-937 (2d Cir. 1993) (if same conduct is directed toward named plaintiff and putative class members, minor factual differences will not defeat typicality)

(d) <u>Adequacy of Representation</u>. Plaintiff's counsel is experienced in class action and FDCPA litigation. In addition, Plaintiff has no interests which are antagonistic to the Settlement Class members. Therefore, Plaintiff and his counsel satisfy the adequacy of representation requirement embodied in Rule 23(a)(4). Affidavits of William F. Horn and Robert L. Arleo are respectively attached hereto <u>Exhibits B & C</u>, which outline their qualifications to serve as Class Counsel.

(e) <u>Predominance and Superiority</u>. Class certification is appropriate under Rule 23(b)(3) where (1) common questions of law or fact predominate over individual questions; and where (2) a class action represents a superior method for the fair and efficient adjudication of the controversy. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997). Both of these requirements are satisfied in the present case.

8. If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the Parties hereto and shall not be used in any subsequent proceedings, including any motion for class certification, in this or any other litigation, or in any manner whatsoever.

9. Plaintiff and Defendant request that the Court set the following schedule for the proposed Agreement:

(a) Class Notice (Exhibit 1 to Exhibit A) is to be mailed within thirty (30) days of entry of the Preliminary Approval Order;

(b) Settlement Class members shall have until 45 days after the initial mailing of the notice to exclude themselves from or object to the proposed settlement. Any Settlement Class members desiring to exclude themselves from the action must serve copies of the request on counsel for both Plaintiff and Defendant by that date. Any Settlement Class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Eastern District of New York, and serve copies of the objection on counsel for both Plaintiff and Defendant by that date. Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that proposed settlement is not in the best interests of the class. Objectors who have filed written objections to the settlement may also appear at the hearing and be heard on the fairness of a settlement. The request for exclusion or objection must be postmarked by a date 45 days after the initial mailing of the class notice.

(c) To receive a portion of the Class Recovery, the Settlement Class members must complete, return, and postmark a claim form by a date 45 days after the initial mailing of the notice. The claim form will be sent with the class notice.

(d) A final hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given to it and the requests for fees and expenses by counsel for the Settlement Class will be held before this Court on a date at least ninety (90) days from the entry of the preliminary approval order.

10. In the event that there is any conflict between any provision of this Motion and the Settlement Agreement between the Parties, the Parties intend for the Settlement Agreement to control, subject to Court approval.

**WHEREFORE**, the Parties respectfully request that the Court enter an order in the form of Exhibit 2 to the Agreement, which (i) preliminarily approves the Class Settlement Agreement attached as Exhibit A; (ii) certifies for settlement purposes the Settlement Class as defined in Paragraph 8 of the Agreement; (iii) appoints William F. Horn, Esq. and Robert L. Arleo, Esq. as Class Counsel; (iv) appoints Plaintiff, RICHARD GRAVINA, as representative of the Settlement Class; (v) sets dates for Settlement Class members to opt-out, object, or return a claim form; (vi)

schedules a hearing for final approval of the Agreement; (vii) approves the mailing of notice to Settlement Class members in the form of <u>Exhibit 1</u> to <u>Exhibit A</u>, and (viii) finds that the mailing of such notice satisfies the requirements of due process.

Respectfully submitted this 4th Day of June 2012.

| **Attorneys for Defendant:** | **Attorneys for Plaintiff:** |
|---|---|
| MEL S. HARRIS & ASSOCIATES, LLC | LAW OFFICE OF WILLIAM F. HORN |
| *s/ Scott E. Wortman* | *s/ William F. Horn* |
| Scott E. Wortman, Esq. | William F. Horn, Esq. |
| 5 Hanover Square, 8th Floor | 188-01B 71st Crescent |
| New York, New York 10004 | Fresh Meadows, NY 11365 |
| Telephone: (212) 660-1050 | Telephone: (718) 785-0543 |
| Facsimile: (212) 660-1016 | Facsimile: (866) 596-9003 |
| E-Mail: swortman@melharrislaw.com | E-Mail: bill@wfhlegal.com |
| | |
| | LAW OFFICE OF ROBERT L. ARLEO |
| | |
| | *s/ Robert L. Arleo* |
| | Robert L. Arleo, Esq. |
| | 164 Sunset Park Road |
| | Haines Falls, New York 12436 |
| | Telephone: (518) 589-1016 |
| | Facsimile: (518) 751-1801 |
| | E-Mail: r.arleo@verizon.net |