# EXHIBIT "A"

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
—————————————————————x

RICHARD GRAVINA, an individual; on behalf
of himself and all others similarly situated,

                      Plaintiff,

      vs.

WELTMAN, WEINBERG & REIS CO.,
L.P.A., an Ohio Corporation; and JOHN AND
JANE DOES NUMBERS 1 THROUGH 25,

                   Defendants.

—————————————————————x

CASE NO.: 2:11-cv-01161-JFB-WDW

**CLASS SETTLEMENT AGREEMENT**

This Class Settlement Agreement dated as of May 7, 2012 ("Agreement"), is made and entered into by and among the following Parties, as those terms are defined herein: (i) Plaintiff, on behalf of himself and each of the Settlement Class members, by and through Settlement Class Counsel; and (ii) the Defendant, by and through its counsel of record in this Action.[1] This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle all released rights and claims, as set forth below, subject to the terms and conditions set forth herein.

### RECITALS

1.   **Parties.** Defendant, WELTMAN, WEINBERG & REIS CO., L.P.A., ("Defendant" or "WELTMAN WEINBERG"), and Plaintiff, RICHARD GRAVINA ("Plaintiff") individually, and as representative of the class of persons defined below in ¶8 (the "Settlement Class"), enter into this Agreement as to the alleged claims of Plaintiff and the Settlement Class arising from Defendant's telephonic voice messages that failed to identify the caller as a debt collector or state that the call was for collection purposes.

---

[1] As used in this Agreement, capitalized terms shall have the meanings and definitions set forth herein.

2.     **Nature of litigation.** Plaintiff, individually and on behalf of a class, filed a lawsuit in the United States District Court for the Eastern District of New York, Eastern Division, entitled *RICHARD GRAVINA, an individual; on behalf of himself and all others similarly situated v. WELTMAN, WEINBERG & REIS CO., L.P.A., an Ohio Corporation; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25*, Case No. 2:11-cv-01161-JFB-WDW (the "Litigation"), alleging that WELTMAN WEINBERG engaged in false and misleading collection practices, and thereby violated the FDCPA, by failing to make proper disclosure of its identity and that the call was for collection purposes in prerecorded messages left for Plaintiff and the Settlement Class.

3.     **Denial of Liability.** Defendant denies violating the FDCPA and denies all liability to Plaintiff and the Settlement Class. Defendant desires to settle the claims brought solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims related to its telephone calls that have been or could have been asserted by Plaintiff and the Settlement Class against WELTMAN WEINBERG in the Litigation.

4.     Plaintiff, individually and on behalf of the Settlement Class, desires to settle his claims against WELTMAN WEINBERG, having taken into account through Plaintiff's counsel the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that the litigation will be further protracted and expensive.

5.     Plaintiff's counsel has investigated the facts and the applicable law. Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, Plaintiff's counsel considers it to be in the best interest of the Settlement Class to enter into this Agreement.

6.     In consideration of the foregoing and other valuable consideration, Plaintiff, Plaintiff's counsel, and WELTMAN WEINBERG agree to settle the claims of the Plaintiff and the Settlement Class arising from the Defendant's telephone voice messages that failed to

-2-

identify the caller as a debt collector or state that the call was for collection purposes., subject to the Court's approval, on the following terms and conditions.

## TERMS

7.   **Effective Date.** This Agreement shall become effective (hereinafter the "Effective Date") upon the occurrence of the following events: (1) the Court enters a final approval order which: (a) approves this Agreement as fair, reasonable, and adequate to the Settlement Class; (b) finds that this Agreement is fair and made in good faith; and (c) dismisses Plaintiff and the Settlement Class members' claims alleged in the Complaint against Defendant without prejudice; and (2) (a) if the final approval order is not appealed, the expiration of five (5) days from the date that the final approval order becomes a final, non-appealable order; or (b) if the final approval order is appealed, the expiration of five (5) days after the final disposition of any such appeal, which final disposition affirms the Court's final approval order and orders the consummation of the settlement in accordance with the terms and provisions of this Agreement.

8.   **Certification of Settlement Class.** For the purposes of settlement, the Parties stipulate to the certification of the Settlement Class, which is defined as:

> (a) all persons in the State of New York (b) for whom Weltman Weinberg left a telephonic voice message (c) that failed to identify the caller as a debt collector or state that the call was for collection purposes (d) made in connection with Weltman Weinberg's attempt to collect a debt (e) during a period beginning on March 11, 2010 and ending on April 7, 2011.

WELTMAN WEINBERG estimates that, based on its electronic records, there are approximately 10,000 people in the Settlement Class, and that its net worth for the most recent fiscal year is $5,800,000.00. The Defendant's foregoing estimates and contentions are subject to confirmatory discovery by the Parties.

9.    **Relief to Plaintiff and the FDCPA Settlement Class.** Defendant shall provide the following relief to Plaintiff and the Settlement Class:

(a)    Defendant will create a class settlement fund of $35,000.00 ("Class Recovery"), which a settlement administrator will distribute *pro rata* among Settlement Class Members who do not exclude themselves and who timely return a claim form ("Claimants"). Claimants will receive a *pro rata* share of the Class Recovery by check. Checks issued to Claimants will be void sixty (60) days from the date of issuance. If any portion of the Settlement Class Recovery remains after the void date on the Claimants' checks, these remaining funds will be distributed as set forth in ¶ 9(d). Relatives of deceased persons are eligible to submit a claim form and to receive a *pro rata* share of the Class Recovery.

(b)    Defendant shall pay $1,000.00 to Plaintiff for his statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i), plus an additional $1,500.00 in recognition for his services to the Settlement Class.

(c)    Defendant shall pay all costs associated with the notice under this class settlement and all costs of administering the class settlement; First Class, Inc., 5410 West Roosevelt Road, Chicago, IL 60644 is the company that will administer the settlement.

(d)    Subject to the Court's approval, Defendant shall pay $37,500.00 to counsel for Plaintiff and the Settlement Class as attorneys' fees and costs.

(e)    Any checks that have not been cashed by the void date, along with any unclaimed funds remaining in the Class Recovery, will be donated as a *cy pres* award to a charitable organization. The Parties propose that the *cy pres* award be donated to Foundation Fighting Blindness located at 7168 Columbia Gateway Drive, Suite 100, Columbia, MD 21046. The Parties selection of the forgoing *cy pres* recipient is subject to the Court's approval at the time of the final fairness hearing.

10.    Settlement Class members shall have forty-five (45) days after mailing of the notice of the proposed settlement to complete and postmark a request to opt out of the proposed settlement, an objection to the proposed settlement, or a claim form requesting to receive a share of the benefits under the proposed settlement.

11.    Any Settlement Class member may seek to be excluded from the Agreement by opting out within the time period set by this Court. Any Settlement Class members desiring to exclude themselves from the action must serve copies of the request on counsel for both Plaintiff and Defendant at the addresses listed in ¶ 26 of this Agreement by the date set by the Court. Any

Settlement Class member who opts out of the Settlement Class and the Agreement shall not be bound by any prior court order or the terms of the Agreement and shall not be entitled to any of the monetary benefits set forth in the Agreement.

12.     Any Settlement Class member may object to this Agreement by sending said objection to the Clerk of the Court and to the addresses set forth in ¶ 26 of this Agreement within the time period set by this Court. Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that the proposed settlement is not in the best interests of the Settlement Class. Any Settlement Class member who objects to the settlement may appear at the Final Approval Hearing and be heard on the fairness of a settlement.

13.     On the Effective Date, Defendant shall distribute all monies set forth in ¶ 9(a), ¶ 9(b), and ¶ 9(d). Defendant shall distribute the money described in ¶ 9(b) and ¶ 9(d) in accordance with the provisions set forth in ¶ 17. All monies set forth in ¶ 9(b) and ¶ 9(d) shall be distributed to Class Counsels addressed to William F. Horn, LAW OFFICE OF WILLIAM F. HORN, 188-01B 71st Crescent, Fresh Meadows, New York 11365. The check for the monies described in ¶ 9(b) and 9(d) shall be made payable to "William F. Horn, IOLA Account."

14.     Within thirty (30) days of the void date of the Settlement Class members' checks, any uncashed checks or undistributed funds will be paid by First Class, Inc. to Foundation Fighting Blindness located at 7168 Columbia Gateway Drive, Suite 100, Columbia, MD 21046.

15.     **Release.** Upon the Effective Date, the Parties grant the following releases:

(a)     Plaintiff, Richard Gravina, including each and every one of his respective agents, representatives, attorneys, heirs, assigns, or any other person acting on his behalf or for his benefit, and any person claiming through him (collectively "Releasors"), releases and discharges Defendant, WELTMAN, WEINBERG & REIS CO., L.P.A., as well as its parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns, (in their respective capacities as officers, directors, agents, employees, members, shareholders,

-5-

general partners, limited partners, beneficiaries, representatives, attorneys, or assigns for WELTMAN WEINBERG) (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasor now has or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time up through the Effective Date. Without limiting the generality of the foregoing, Releasors release Released Parties of all claims that were made or that could have been made in this lawsuit including all claims relating to Defendant's collection activity.

(b)     Each member of the Settlement Class who does not opt out releases and discharges the RELEASED PARTIES of all causes of action, suits, liability, and claims, including claims for the payment of attorney's fees and costs arising out of or related to any call in which Defendant failed to identify itself or disclose that the call was for collection purposes.

(c)     IT IS EXPRESSLY STATED that the releases above DO NOT release any claim or defense Plaintiff and each Settlement Class member may have with respect to the underlying debts which WELTMAN WEINBERG was attempting to collect on behalf of its clients, including, but not limited to, (1) whether any debt is in fact owed, (2) the crediting of payments on any debt, or (3) the proper reporting of any debts to credit bureaus.

(d)     WELTMAN WEINBERG does **NOT** release the claims of its clients, if any, against Plaintiff or any member of the Settlement Class for the payment of their debts. The underlying debts Defendant sought to collect on behalf of its clients are not affected by this Agreement. This Agreement does not prevent Defendant from continuing to attempt to collect the debts allegedly owed to their clients by the Settlement Class members.

16.     The releases are conditioned upon the approval of the Agreement by the Court and Defendant meeting its obligations herein. If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the Parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

17.     **Attorneys' Fees, Notice Costs and Related Matters.** Defendant will pay all costs of notice and settlement administration, as described above in ¶ 9. Defendant will also pay Plaintiff's counsel $37,500.00, in attorneys' fees and costs. The amount shall be paid by check on the later of the Effective Date or fourteen (14) days after the amount of fees and costs is

determined by Court order. This amount shall be sent to William F. Horn, LAW OFFICE OF WILLIAM F. HORN, 188-01B 71st Crescent, Fresh Meadows, New York 11365, or at any other address that Defendant's counsel is directed in writing by Class Counsel to send the monies.

18.     **Notice.** Within thirty (30) days of entry of the Preliminary Approval Order, WELTMAN WEINBERG shall, through the Class Administrator, cause actual notice in the form of Exhibit 1, to be sent to the last known addresses of the Settlement Class members, according to Defendant's records. The Class Administrator shall distribute the notice via any form of U.S. Mail providing address forwarding. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, the Class Administrator shall cause to be forwarded any such returned notice to the address provided within five (5) days of receipt. Neither the Class Administrator, nor Defendant, nor Plaintiff is required to skip trace any letters that are returned as undeliverable.

19.     Defendant shall provide notice of this proposed class settlement to the appropriate state and federal authorities in compliance with the Class Action Fairness Act ("CAFA").

20.     **Preliminary Approval.** As soon as practicable after execution of this Agreement, the Parties shall make application to the Court for the Preliminary Approval Order, attached as Exhibit 2, which:

(a)     Preliminarily approves this Agreement;

(b)     Certifies the Settlement Class defined in ¶8 for settlement purposes;

(c)     Appoints William F. Horn and Robert L. Arleo as counsel for the Settlement Class;

(d)     Appoints Richard Gravina as the representative of the Settlement Class;

(e)     Sets dates for Settlement Class members to opt-out, object, or return a claim form;

(f)     Schedules a hearing for final approval of this Agreement;

-7-

(g)     Approves <u>Exhibit 1</u> hereto as notice to the Settlement Class, to be directed to the last known address of the Settlement Class members as shown on WELTMAN WEINBERG's records;

(h)     Finds that mailing of the FDCPA Settlement Class notice and the other measures specified in ¶ 18 are the only notice required to the Settlement Class and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable laws.

21.     The Parties agree to request the form of notice attached hereto as <u>Exhibit 1</u> and propose the form of preliminary approval order attached hereto as <u>Exhibit 2</u>. The fact that the Court may require non-substantive changes in the notice or order does not invalidate this Agreement.

22.     **Final approval.** At the conclusion of, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of this Agreement, and the expiration of at least ninety (90) days from the preliminary approval of the settlement (as required by CAFA), Plaintiff, Plaintiff's counsel, WELTMAN WEINBERG's counsel and WELTMAN WEINBERG shall request that the Court enter a Final Order:

(a)     approving the terms of this Agreement as fair, reasonable and adequate;

(b)     providing for the implementation of its terms and provisions;

(c)     certifying for purposes of settlement the Settlement Class;

(d)     finding that the notice given to the Settlement Class satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable laws;

(e)     dismissing the claims of Plaintiff and the Settlement Class alleged in the Complaint without prejudice and without costs (subject to ¶ 22g below);

(f)     retaining exclusive jurisdiction to enforce the terms and provisions of this Agreement;

(g)     directing Defendant, after all money has been distributed from the Class Recovery and no later than thirty (30) days after the Void Date, to file a notice apprising the Court that the terms of the Agreement have been complied with and providing the Court with an accounting of how the money in the Class Recovery was distributed; and

(h)     directing that ten (10) days after the filing of the notice contemplated in ¶ 22g above, the dismissal of the claims of Plaintiff and the Settlement Class shall be dismissed with prejudice and without costs, absent a timely motion by either Plaintiff or Defendant.

23.     The Parties agree to request the form of final order attached hereto as <u>Exhibit 3</u>. The fact that the Court may require non-substantive changes in the final order does not invalidate this Settlement Agreement.

24.     <u>**Release of Attorneys' Lien**</u>. In consideration of this Settlement Agreement, Plaintiff's counsel hereby discharges and releases the "Released Parties," as defined in ¶ 15(a) above, of and from any and all claims for attorneys' fees, by lien or otherwise, other than the amount of fees and costs determined under ¶17, for legal services rendered by Plaintiff's counsel.

25.     <u>**Miscellaneous Provisions**</u>.  The Parties and their attorneys agree to cooperate fully with one another in seeking approval of this Agreement, and to use their best efforts to effect the consummation of this Agreement and the settlement provided for herein. Whether or not this Agreement is consummated, this Agreement shall in no event be construed as, or be deemed to be, evidence of an admission on the part of Defendant of any liability or wrongdoing whatsoever.

26.     Notices and objections related to this Agreement shall be sent to:

William F. Horn, Esq.                    Robert L. Arleo, Esq.
LAW OFFICE OF WILLIAM F. HORN            LAW OFFICE OF ROBERT L. ARLEO
188-01B 71st Crescent                    164 Sunset Park Road
Fresh Meadows, NY 11365                  Haines Falls, New York 12436
Facsimile:  (866) 596-9003               Facsimile: (518) 751-1801
E-Mail: bill@wfhlegal.com                E-Mail: r.arleo@verizon.net

Notices to Defendant shall be sent to:

Scott Evan Wortman, Esq.
Mel S. Harris & Associates, LLC
5 Hanover Square, 8th Floor
New York, New York 10004
Facsimile:  (212) 660-1016

The persons and addresses designated in this paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

27.     The foregoing constitutes the entire agreement between the Parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all Parties hereto, and approved by the Court.

28.     This Agreement may be executed in counterparts, in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement may be treated as originals.

29.     Each and every term of this Agreement shall be binding upon and inure to the benefit of the Plaintiff, the Settlement Class, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

30.  This Agreement shall be governed by and interpreted in accordance with the laws of New York.

31.  If final approval is granted, the Parties shall retain the Settlement Class list and a list of Settlement Class members who opted in or excluded themselves for six months thereafter, and may destroy them after that period.

32.  If any Party commences any action arising out of this Agreement, including, without limitation, any action to enforce or interpret this Agreement, the prevailing party or parties in such action shall be entitled to recover their reasonable attorneys' fees and other expenses incurred in such action. Any award of attorneys' fees and expenses hereunder shall not be computed according to any court schedule, but, instead, shall be in such amount as to fully reimburse all attorneys' fees and expenses actually incurred in good faith, regardless of the size of the judgment, since it is the intention of all Parties to compensate fully the prevailing party for all attorneys' fees and expenses paid or incurred in good faith.

IN WITNESS WHEREOF, the Parties hereto, acting by and through their respective counsel of record, have so agreed.

Defendant:
WELTMAN, WEINBERG & REIS CO., L.P.A.

By
Its,
Dated: May ___, 2012

Plaintiff:

RICHARD GRAVINA
Dated: May 8, 2012

-11-

**Attorney for Defendant:**
MEL HARRIS & ASSOCIATES, LLC

Scott Evan Wortman, Esq.
5 Hanover Square, 8th Floor
New York, New York 10004
Telephone: (212) 660-1050
Facsimile: (212) 660-1016
E-Mail: swortman@melharrislaw.com
Dated: May 22, 2012

**Attorneys for Plaintiff:**
LAW OFFICE OF WILLIAM F. HORN

William F. Horn, Esq.
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile: (866) 596-9003
E-Mail: bill@wfhlegal.com
Dated: May 8, 2012

LAW OFFICE OF ROBERT L. ARLEO

Robert L. Arleo, Esq.
164 Sunset Park Road
Haines Falls, New York 12436
Telephone: (518) 589-1016
Facsimile: (518) 751-1801
E-Mail: r.arleo@verizon.net
Dated: May 8, 2012

-12-

# EXHIBIT "1"

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | x | |
| RICHARD GRAVINA, an individual; on behalf of himself and all others similarly situated, | : | CASE NO.:  2:11-cv-01161-JFB-WDW |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | **NOTICE OF CLASS ACTION SETTLEMENT** |
| | : | |
| WELTMAN, WEINBERG & REIS CO., L.P.A., an Ohio Corporation; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25, | : | |
| | : | |
| Defendants. | : | |
| | x | |

**If you were left a pre-recorded telephone voice message by Weltman, Weinberg & Reis Co., L.P.A., you may benefit from this class action settlement.**

*The case is titled Richard Gravina v. Weltman, Weinberg & Reis Co., L.P.A., et al., E.D.N.Y. Case No. 2:11-cv-01161-JFB-WDW. A Federal court authorized this notice. This is not a solicitation from a lawyer.*

**THIS IS A NOTICE OF A SETTLEMENT OF A CLASS ACTION LAWSUIT. IN ORDER TO PARTICIPATE IN THE SETTLEMENT YOU MUST POSTMARK AND RETURN THE ATTACHED CLAIM FORM BY _____, 2012.**
**THIS IS <u>NOT</u> A NOTICE OF A LAWSUIT AGAINST YOU.**

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| | |
|---|---|
| **RETURN A CLAIM FORM BY _____, 2012** | By returning a completed claim form by ____, 2012 you will remain in the Class and you will be entitled to receive a settlement check from the settlement fund. |
| **DO NOTHING BUT STAY IN THE SETTLEMENT CLASS** | By doing nothing, you will remain in the Class and be bound by the terms of the settlement but will not receive a share of the settlement fund. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will retain your legal claims against the Defendant. |
| **OBJECT** | Write to the Court about why you object to the settlement. You may also appear at the fairness hearing. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| 1. Why did I get this notice? | |

You are receiving this notice because you were identified as a person for whom Defendant, Weltman, Weinberg & Reis Co., L.P.A. ("Defendant" or "Weltman Weinberg") left a  message between March

11, 2010, and April 7, 2011, which message allegedly did not make proper disclosure of Weltman Weinberg's identity or state that it was a communication from a debt collector.

**2. What is this lawsuit about?**

This lawsuit claims that Weltman Weinberg violated the federal Fair Debt Collection Practices Act ("FDCPA") by leaving telephone voice messages in which Weltman Weinberg did not properly disclose its identity or state that the message was a communication from a debt collector. This Settlement is not to be construed as an admission of liability by Weltman Weinberg.

**3. Why is this a class action?**

In a class action, one or more people called Class Representatives (in this case, Richard Gravina), sue on behalf of a group (or a "Class") of people who have similar claims regarding the telephone voice messages used by Weltman Weinberg in an attempt to collect a debt.

**4. Why is there a settlement?**

To avoid the cost, risk, and delay of litigation, the Parties reached a settlement agreement as to Plaintiff's and the Class's claims.

**5. How do I know if I am a part of the settlement?**

For settlement purposes, the Court has certified a Class consisting of all people who meet the following definition:

> (a) all persons in the State of New York (b) for whom Weltman Weinberg left a telephonic voice message (c) that failed to identify the caller as a debt collector or state that the call was for collection purposes (d) made in connection with Weltman Weinberg's attempt to collect a debt (e) during a period beginning on March 11, 2010 and ending on April 7, 2011.

Weltman Weinberg estimates that, based on its electronic records, there are approximately 10,000 people in the Class. According to Weltman Weinberg's records, you are a Class member.

## YOUR BENEFITS UNDER THE SETTLEMENT

**6. What can I get from the settlement?**

If you postmark and return a claim form by _____, **2012** to **First Class, Inc.** you will be entitled to a pro rata share of the Class Recovery. The Class Recovery will be approximately $35,000. If all 10,000 Class members return a claim form, which is unlikely, each claimant will receive about $3.50. Class Counsel expects that between 10-20% of the Class members will return a claim form and that each claimant will likely receive between $35.00 and $70.00. No Class member is eligible to receive more than one check for their share of the Class Recovery.

2

**7. When will I receive these benefits?**

You will receive these benefits approximately 30-45 days after the Court enters a Final Approval Order. This estimation is premised on the assumption that no objections are received.

**8. I want to be a part of the settlement and receive these benefits. What do I do?**

By _____, **2012**, you need to complete, postmark and mail to First Class, Inc. the claim form at the end of this notice.

**9. What am I giving up to receive these benefits?**

By staying in the Class, all of the Court's orders will apply to you, and you give Defendant a "release." A release means you cannot sue or be part of any other lawsuit against Defendant about the claims or issues in this lawsuit with respect to the telephone voice message at issue in the Complaint.

**10. How much will the Class Representative receive?**

The Plaintiff, Richard Gravina, will receive a payment of $1,000.00 for his alleged individual statutory damages under the FDCPA *plus* an additional payment of $1,500.00 for his services to the Class members. This payment subject to the Court's Approval.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to receive the benefits of the settlement, but you want to keep your legal claims against the Defendant, then you must take steps to exclude yourself from this settlement.

**11. How do I exclude myself from the Class Settlement?**

To exclude yourself from the settlement, you must send a letter by mail stating that you want to be excluded from *Richard Gravina v. Weltman, Weinberg & Reis Co., L.P.A., et al.,* E.D.N.Y. Case No. 2:11-cv-01161-JFB-WDW. Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request so that it is postmarked **no later than** _____, **2012,** to:

Class Counsel:

William F. Horn, Esq.                    Robert L. Arleo, Esq.
Law Office of William F. Horn             Law Office of Robert L. Arleo
188-01B 71st Crescent                     164 Sunset Park Road
Fresh Meadows, NY 11365                   Haines Falls, New York 12436
Telephone: (718) 785-0543                 Telephone: (518) 589-1016
Facsimile:  (866) 596-9003                Facsimile:  (518) 751-1801

E-Mail: bill@wfhlegal.com                    E-Mail: r.arleo@verizon.net

*-- AND --*

Defendant's Counsel:

Scott Evan Wortman, Esq.
MEL S. HARRIS & ASSOCIATES, LLC
5 Hanover Square, 8th Floor
New York, New York 10004
Facsimile:  (212) 660-1016

| 12. If I exclude myself, do I still receive benefits from this settlement? |
|---|

No, you will not receive anything resulting from the settlement, but you will have the right to sue Weltman Weinberg over the claims raised in this case, either on your own or as a part of a different lawsuit. If you exclude yourself, the time you have in which to file your own lawsuit (called the "statute of limitations") will begin to run again. You will have the same amount of time to file the suit that you had when this case was filed.

## THE LAWYERS REPRESENTING YOU

| 13. Do I have a lawyer in this case? |
|---|

The Court has named the Law Office of William F. Horn and Law Office of Robert L. Arleo as Class Counsel. You will not be charged for these lawyers; however, they will receive a payment from the Defendant in an amount to be determined by and approved by the Court. If you want to be represented by your own lawyer, you may hire one at your own expense. If you choose to hire your own lawyer, he or she must file an appearance by _____, **2012**.

| 14. How will the lawyers be paid? |
|---|

Subject to the Court's approval, Weltman Weinberg will pay Class Counsel, the Law Office of William F. Horn and Law Office of Robert L. Arleo a total of $37,500.00 as attorneys' fees and costs incurred with respect to the Plaintiff and the Class claims.

## CLASS COUNSEL'S VIEWS ABOUT THE SETTLEMENT

| 15. Is this a fair settlement? |
|---|

Class Counsel believes that this settlement is fair. The claim asserted on behalf of the Class against Weltman Weinberg is under the FDCPA. The FDCPA is a federal statute which provides for both individual actions and class actions. In an individual action, the person bringing the suit may recover (i) any actual damages suffered; and (ii) statutory damages of between $0 and $1,000.00. (Plaintiff's complaint does not allege any actual damages.) In a class action, the maximum possible recovery is (i) any actual damages suffered by the class members and (ii) the lesser of 1% of the Defendant's net

4

worth or $500,000.00. The Court, in its discretion, may award anything up to the maximum amount to a prevailing party. In either an individual or class action, the person bringing the suit may also recover attorneys' fees and the expenses of prosecuting the suit, if the lawsuit is successful.

In this case, the Class recovery of $35,000 will be divided between those of the 10,000 Class members who submit a timely claim form. Class Counsel expects that approximately 10-20% of the Class members will return a claim form and that claimants will receive between approximately $35.00 and $70.00.

| 16. What is the Defendant's view of this settlement? |
| --- |

Weltman Weinberg is not admitting that it has done anything wrong. Weltman Weinberg expressly denies the claims asserted by the Plaintiff and denies all allegations of wrongdoing and liability.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

| 17. How do I tell the Court that I Object to the Settlement? |
| --- |

If you are a Class member, you can object to the settlement. In order to object to the settlement or any part of the settlement, you must send a letter (or legal brief) stating that you object and the reasons why you think the Court should not approve the settlement. You must include the name and number of the case: *Richard Gravina v. Weltman, Weinberg & Reis Co., L.P.A., et al.,* E.D.N.Y. Case No. 2:11-cv-01161-JFB-WDW, your name, address, telephone number, and your signature. If you are objecting to the settlement, you may also appear at the fairness hearing (explained below in answer to question no. 18). You must mail your objection so that it is postmarked no later than _____, **2012** to**:**

> Clerk of the Court, United States District Court for the Eastern District of New York, 100 Federal Plaza, Central Islip, NY 11722-4438

You must also send a copy of your objection to:

Class Counsel:

> William F. Horn, Esq.
> LAW OFFICE OF WILLIAM F. HORN
> 188-01B 71st Crescent
> Fresh Meadows, NY 11365
> Telephone: (718) 785-0543
> Facsimile:  (866) 596-9003
> E-Mail: bill@wfhlegal.com

> Robert L. Arleo, Esq.
> LAW OFFICE OF ROBERT L. ARLEO
> 164 Sunset Park Road
> Haines Falls, New York 12436
> Telephone: (518) 589-1016
> Facsimile:  (518) 751-1801
> E-Mail: r.arleo@verizon.net

**-- AND --**

Defendant's Counsel:

Scott Evan Wortman, Esq.
MEL S. HARRIS & ASSOCIATES, LLC
5 Hanover Square, 8th Floor
New York, New York 10004
Facsimile:  (212) 660-1016

## THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend if you wish, but you are not required to do so.

| 18. Where and when is the fairness hearing? |
| --- |

The Court will hold a fairness hearing on _____, 2012 at _____a.m./p.m. in the courtroom of the Honorable Joseph F. Bianco, U.S. District Court Judge, 100 Federal Plaza, Courtroom 920, Central Islip, New York 11722. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable, and adequate and in the best interests of the Class and to determine the appropriate amount of compensation for Class Counsel. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

YOU ARE **NOT** REQUIRED TO ATTEND THIS HEARING TO BENEFIT FROM THIS SETTLEMENT. The hearing may be postponed to a later date without notice.

## GETTING MORE INFORMATION – CONTACT:

Class Counsel:

William F. Horn, Esq.
LAW OFFICE OF WILLIAM F. HORN
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile:  (866) 596-9003
E-Mail: bill@wfhlegal.com

Robert L. Arleo, Esq.
LAW OFFICE OF ROBERT L. ARLEO
164 Sunset Park Road
Haines Falls, New York 12436
Telephone: (518) 589-1016
Facsimile:  (518) 751-1801
E-Mail: r.arleo@verizon.net

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR TO THE JUDGE.**

They are not permitted to answer your questions.

## PROOF OF CLAIM FORM

**RE:** *Richard Gravina v. Weltman, Weinberg & Reis Co., L.P.A., et al.,* E.D.N.Y. Case No. 2:11-cv-01161-JFB-WDW.

**I WISH TO RECEIVE A SHARE OF THE SETTLEMENT.**
**IMPORTANT: THIS CLAIM FORM MUST BE POSTMARKED ON OR BEFORE
_____, 2012 AND MAILED TO THE FOLLOWING ADDRESS:**

FIRST CLASS, INC.
5410 W Roosevelt Rd Ste 222
Chicago, IL 60644-1479

**PLEASE LEGIBLY PRINT THE FOLLOWING INFORMATION:**

**NAME:**                          _____

**MAILING ADDRESS:**               _____

                                   _____

**IF THIS NOTICE WAS MAILED TO AN ADDRESS OTHER THAN YOUR CURRENT ADDRESS, PLEASE NOTE THE ADDRESS HERE:**

_____

_____

**SIGNATURE:**          _____

7

# EXHIBIT "2"

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------x

RICHARD GRAVINA, an individual; on behalf   :
of himself and all others similarly situated,     :
                                        :
                Plaintiff,             :
                                        :
        vs.                       :
                                        :
WELTMAN, WEINBERG & REIS CO.,     :
L.P.A., an Ohio Corporation; and JOHN AND   :
JANE DOES NUMBERS 1 THROUGH 25,     :
                                        :
                Defendants.       :

---------------------------------------------------x

CASE NO.:  2:11-cv-01161-JFB-WDW


**PRELIMINARY APPROVAL ORDER**

The Court, having considered the Parties' motion for preliminary approval, hereby grants preliminary approval to the Class Settlement Agreement ("Agreement") between Plaintiff, RICHARD GRAVINA ("Plaintiff"), individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendant, WELTMAN, WEINBERG & REIS CO., L.P.A. ("Defendant").

**WHEREFORE**, with respect to certifying this action as a class action for settlement purposes the Court finds:

      A.     The Settlement Class is so numerous that joinder of all members is impracticable;

      B.     There are questions of law and fact common to the proposed Settlement Class.

      C.     The individual claims of Plaintiff are typical of the claims of the Settlement Class;

      D.     Plaintiff is an appropriate and adequate representative for the Settlement Class;

      E.     The questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members;

      F.     A class action is superior to other methods for fairly and efficiently settling this

controversy;

G.      With respect to the appointment of Settlement Class Counsel under Fed. R. Civ. P. 23(g), the Court finds, after consideration of the factors described in Fed. R. Civ. P. 23(g)(1)(A), Plaintiff's counsel, William F. Horn and Robert L. Arleo, will fairly and adequately represent the interests of the Settlement Class;

H.      With respect to the proposed Agreement, after consideration of the Agreement attached as ***Exhibit A*** to the Motion, the Court makes the preliminary finding, subject to a final hearing, that the proposed settlement is fair, reasonable, and adequate;

I.      and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED**:

1.      Pursuant to Fed. R. Civ. P. 23(c)(1), the Court certifies this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) and, in accordance with Fed. R. Civ. P. 23(c)(1)(B):

(a)     defines the "Settlement Class" as (i) all persons in the State of New York (ii) for whom Defendant left a telephonic voice message (iii) that failed to identify the caller as a debt collector or state that the call was for collection purposes (iv) made in connection with Weltman Weinberg's attempt to collect a debt (v) during a period beginning on March 11, 2010 and ending on April 7, 2011.

(b)     defines the "Class Claims" as those claims arising from: (i) messages left by Defendant for Class members on telephone answering devices which messages failed to meaningfully identify the Defendant by name as the caller, state the purpose or nature of the communication, or disclose that the communication was from a debt collector;

2

(c)      appoints Plaintiff as the Class Representative; and

(d)      appoints Plaintiff's counsel, William F. Horn and Robert L. Arleo, as Class Counsel.

2.      The Court approves the Parties' proposed Class Notice and directs it be mailed to the last known address of the Settlement Class members as shown in Defendant's records. Defendant will cause the Class Notice to be mailed to Settlement Class members on or before _____, 2012 (thirty (30) days after entry of the preliminary approval order). Defendant will have the notice sent by any form of U.S. Mail providing forwarding addresses.

3.      The Court finds that mailing of the Class Notice is the only notice required and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

4.      Settlement Class members shall have until _____, 2012 (the first business day after the 45th day after the initial mailing of the Class Notice) to exclude themselves from or object to the proposed settlement. Any Settlement Class members desiring to exclude themselves from the action must serve copies of the request on counsel for both Plaintiff and Defendant by that date. Any Settlement Class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Eastern District of New York, and serve copies of the objection on counsel for both Plaintiff and Defendant by that date. Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that proposed settlement is not in the best

3

interests of the class. Objectors who have filed written objections to the settlement may also appear at the hearing and be heard on the fairness of a settlement. To be effective, the request for exclusion or objection must be postmarked by _____, 2012.

5.    In order to receive a portion of the cash payment under the settlement, the Settlement Class members must complete, return to the settlement administrator, and postmark a claim form by _____, 2012 (the first business day after the 45th day after the initial mailing of the class notice). The claim form will be sent with the Class Notice.

6.    Defendant shall file with the Court proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

7.    A final hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given to it and the requests for fees and expenses by Class Counsel will be held on _____, 2012 at _____ a.m.

**IT IS SO ORDERED:**

_____
HONORABLE JOSEPH F. BIANCO
Judge, United States District Court

Dated: