UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

RICHARD GRAVINA, an individual; on behalf of himself and all others similarly situated,

       Plaintiff,

vs.

WELTMAN, WEINBERG & REIS CO., L.P.A., an Ohio Corporation; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,

       Defendants.

---------------------------------------------------------------x

CASE NO.: 2:11-cv-0887-LDW-ETB

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AGREEMENT AND RELEASE**

  Plaintiff, RICHARD GRAVINA ("Plaintiff"), individually, and as representative of the class of persons defined herein ("Settlement Class"), by and through his undersigned counsel respectfully submits this Memorandum of Law in Support of Final Approval of the Class Settlement Agreement and Release ("Agreement"), which Plaintiff and Defendant, WELTMAN, WEINBERG & REIS CO., L.P.A. ("Defendant"), entered into on May 7, 2012. This Court preliminarily approved the Agreement on July 17, 2012. [Doc. 14].

  The Court is advised that on August 17, 2012, notice of the settlement of this action was mailed to 9,820 Settlement Class members by First Class, Inc., the settlement administrator. As of the date of this filing, a total of 1,164 notices were returned by the United States Postal Service as undeliverable with no forwarding address or further information; there were also a total of 181 notices returned by the United States Postal Service, which were re-mailed.

  In total, 8,656 Settlement Class members received notice of the class settlement. No Settlement Class Members objected to, or requested exclusion from, the settlement.

  The Court is further advised that 954 Settlement Class members returned a proof of claim form (including 38, which were returned after the cutoff date), so these Settlement Class

members should be entitled to receive a *pro rata* share of the Settlement fund, amounting to approximately $36.69 per class member.

## I. OVERVIEW OF THE CASE

Plaintiff's complaint alleges that Defendant engaged in false and misleading collection practices, and thereby violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq*., by failing to make proper disclosure of its identity and for failing to state that the call was for collection purposes in prerecorded messages left for Plaintiff and the Settlement Class. Defendant denies Plaintiff's claims, denies any liability to Plaintiff or the proposed class, and denies any wrongdoing of any kind.

After extensive arms-length discussion, the Parties reached an agreement to settle the claims of Plaintiff and the Settlement Class, as set forth in the Agreement, on file with the Court. [Doc. 12-1]. This Court preliminarily approved the Agreement on July 17, 2012. [Doc. 14]. Defendant served the notice required by the Class Action Fairness Act on July 7, 2011. [Doc. 15]. As demonstrated below, the Agreement is now ripe for this Court's final approval.

## II. ADMINISTRATION OF THE SETTLEMENT

### A. *The Preliminary Approval Order*

In the Preliminary Approval Order (the "Order"), the Court specifically found that the proposed terms of the settlement satisfied all of the elements of Federal Rule of Civil Procedure 23(a) and 23(b)(3). The Order preliminarily certified a class defined as:

> All persons in the State of New York for whom Weltman Weinberg left a telephonic voice message that failed to identify the caller as a debt collector or state that the call was for collection purposes, made in connection with Weltman Weinberg's attempt to collect a debt, during a period beginning on March 11, 2010 and ending on April 7, 2011.

The Order established a procedural framework for the final approval of the settlement. The Order required the parties to cause notice to be mailed to the members of the above defined

Class, and further set deadlines and procedures for Class members to submit claim forms, request exclusion from the Class and/or to object to the settlement, and set a date and time for the fairness hearing.

### B. The Sending of Class Notice

On August 17, 2012, the settlement administrator retained by Defendant, First Class, Inc., caused that actual notice was sent by first class mail to approximately 9,820 Settlement Class members by First Class, Inc., the settlement administrator. A total of 1,164 notices were returned by the United States Postal Service as undeliverable with no forwarding address or further information. A total of 181 notices were returned by the United States Postal Service with a new address and were re-mailed.

In total, 8,656 Settlement Class members received notice of the class settlement. No Settlement Class Members objected to, or requested exclusion from, the settlement.

A total of 916 Settlement Class members timely returned the proof of claim form and are entitled to a share of the monetary benefits of the settlement. A total of 38 Settlement Class members returned the proof of claim form after the cutoff date of October 1, 2012, or otherwise had a missing or illegible postmark; the Parties propose that the Court should permit these Settlement Class members to a share of the monetary benefits of the settlement, which is approximately $36.69 per Settlement Class member.

### C. The Value of the Settlement

The Court previously considered the terms of the settlement in entering the Order, which are as follows:

(1) <u>Relief to Plaintiff</u>**.** Defendant agrees to pay Plaintiff $2,500.00.

(2) <u>Settlement Class Recovery</u>. Defendant will create a class settlement fund of $35,0000 ("Class Recovery"), which a settlement administrator will distribute *pro rata* among Settlement Class Members who do not exclude themselves and

        who timely return a claim form ("Claimants"). Claimants will receive a *pro rata* share of the Class Recovery by check. Checks issued to Claimants will be void after sixty (60) days. If any portion of the Settlement Class Recovery remains after the void date on the Claimants' checks, these remaining funds will be donated to Foundation Fighting Blindness as a *cy pres* award.

    (3)    <u>Attorneys' Fees and Costs</u>. Subject to the Court's approval, Defendant shall pay $37,500.00 to counsel for Plaintiff and the Settlement Class as attorneys' fees and costs incurred with respect to the Litigation.

    (4)    The cost of administering the settlement, including providing notice to the Class, shall be paid by Defendant separate and apart from the Settlement Fund

Of the 8,656 Settlement Class members who received notice, none submitted a request for exclusion and no none filed an objection to the settlement. The lack of objections and opt-outs should be viewed as an endorsement of the settlement by the Class.

## III. THE COURT SHOULD GRANT FINAL APPROVAL TO THE SETTLEMENT

The Court should grant final approval to the settlement. The Class meets all the requirements of Fed. R. Civ. P. 23 and the Agreement is fair and reasonable.

### A. *The Class Meets All the Requirements of Fed. R. Civ. P. 23(a)*

#### 1. Rule 23(a)(1) - The Settlement Class Is So Numerous That Joinder Of All Members Is Impracticable.

Fed. R. Civ. P. 23(a)(1) requires the class be "so numerous that joinder of all members is impracticable." The Second Circuit has recognized that as few as 70 class members is sufficient to satisfy the "numerosity" requirement of Rule 23(a)(1). *See Korn v. Franchard Corp.*, 456 F.2d 1206 (2d Cir. 1972) (70 class members sufficient); see also, *Mathis v. Bess*, 138 F.R.D. 390, 393 (S.D.N.Y. 1991) (joinder impracticable based solely on fact that class had 120 members); *see also*, Newberg on Class Actions, 3rd Ed. Sec. 3.05, at 3-25. There were approximately 9,864 individuals who met the Class definition, of whom 8,656 were subsequently sent notice of the Agreement, pursuant to the Order. The number of Class members in this case plainly satisfies the numerosity requirement of Rule 23(a)(1).

### 2. Rule 23(a)(2) - The Claims Of The Settlement Class Arise From Common Questions Of Law And Fact.

Fed. R. Civ. P. 23(a)(2) requires the existence of "questions of law or fact common to the class." The "commonality" requirement of Rule 23(a)(2) is usually satisfied where the class members' claims arise from a common nucleus of operative fact. *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 145, 166-167 (2d Cir. 1987) (common defenses applicable to whole class satisfied commonality requirement); see also, *Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998) citing *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992).

The Settlement Class members share a common fact: Each class member received the same standardized pre-recorded telephone message left by Defendant in connection with its attempt to collect a debt. The Settlement Class members share a common issue of law -- namely, whether Defendant's pre-recorded telephone message violated the FDCPA. These common issues of fact and law satisfy Rule 23(a)(2).

### 3. Rule 23(a)(3) - Plaintiff's Claims are Typical Of the Claims Of The Settlement Class.

Fed. R. Civ. P. 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." The "typicality" requirement of Rule 23(a)(3) is satisfied for the reasons that the "commonality" requirement of Rule 23(a)(2) is met. *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998). See also, *Robidoux v. Celani*, 987 F.2d 931, 936-937 (2d Cir. 1993) (if same conduct is directed toward named plaintiff and putative class members, minor factual differences will not defeat typicality).

The Plaintiff's claims share the same issues of fact and law as the Settlement Class members. Indeed, each class member received the same standardized pre-recorded telephone message left by Defendant in connection with its attempt to collect a debt, which Plaintiff alleges violated the FDCPA. Rule 23(a)(3) is plainly satisfied.

### 4. Rule 23(a)(4) - Plaintiff and Class Counsel Has Fairly And Adequately Protected The Interests Of The Settlement Class.

Fed. R. Civ. P. Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interest of the class." This rule involves two considerations: (1) whether the Plaintiff's attorneys are properly qualified and experienced to conduct the litigation; and (2) whether the Plaintiff has any interests antagonistic to the class. *General Tel. Co. v. Falcon*, 102 S.Ct. 2364, 2370, n.13 (1982). As previously set forth in the Declarations of William F. Horn and Robert L. Arleo [Docs. 12-2 & 12-3], Class Counsel are experienced in class action litigation. In addition, Plaintiff has no interest in conflict with the Class. Therefore, the named Plaintiff and her counsel satisfy the adequacy of representation requirement of Rule 23(a)(4).

(a) <u>Adequacy of Representation</u>. Plaintiff's counsel is experienced in class action and FDCPA litigation. In addition, Plaintiff has no interests which are antagonistic to the Settlement Class members. Therefore, Plaintiff and his counsel satisfy the adequacy of representation requirement embodied in Rule 23(a)(4). Affidavits of William F. Horn and Robert L. Arleo are respectively attached hereto <u>Exhibits B & C</u>, which outline their qualifications to serve as Class Counsel.

(b) <u>Predominance and Superiority</u>. Class certification is appropriate under Rule 23(b)(3) where (1) common questions of law or fact predominate over individual questions; and where (2) a class action represents a superior method for the fair and efficient adjudication of the controversy. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997). Both of these requirements are satisfied in the present case.

### B. *The Class Meets All The Requirements of Fed. R. Civ. P. 23(b)(3)*

Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." For the reasons set forth below, both of these requirements are satisfied in the present case.

### 1. Common questions predominate over individual issues.

In order for common questions of law or fact to predominate over individual issues for purposes of Rule 23(b)(3), common issues must constitute a significant part of the individual cases. *Jenkins v. Raymark Industries, Inc.*, 782 F.2d 468, 472 (5th Cir. 1986). Courts "generally focus on the liability issues in deciding whether the predominance requirement is met, and if the liability issue is common to the Class, common questions are held to predominate." *In re Alexander Grant & Co. Litigation*, 110 F.R.D. 528, 534 (S.D. Fla. 1986); see also, *Dura-Built Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 89 (S.D.N.Y. 1981). In the present case, a common issue of fact – the identical pre-recorded telephone message sent by Defendant to Plaintiff and the Settlement Class members – predominates over any individual issues relating to Class members. Also, a common issue of law – whether Defendant's letters violated the FDCPA – predominates over any individual issues relating to each Class members. Thus, Rule 23's predominance requirement is satisfied.

### 2. A Class Action is Superior to Other Methods of Resolving This Matter.

In addition to the predomination of common questions of law or fact, the class action must be the superior method to resolve the controversy to satisfy fully the requirements of Rule 23(b)(3). *Labbate-D'Alauro v. GC Servs. Ltd. Pshp.*, 168 F.R.D. 451, 458 (E.D.N.Y. 1996). Class actions are the superior method for resolving controversies when the main objectives of Rule 23 are served; namely, the efficient resolution of the claims or liabilities of many individuals in a single action, as well as the elimination of repetitious litigation and possibly inconsistent adjudications. *Id.* citing *Califano v. Yamasaki*, 442 U.S. 682 (1979). The Court is required to determine the best available method for resolving the controversy in keeping with "judicial integrity, convenience and economy." *Id.*(citations omitted). It is appropriate for the

court to consider the "inability of the poor or uninformed to enforce their rights and the improbability that large numbers of class members would possess the initiative to litigate individually." *Id.* (internal quotes and citations omitted). "Class actions are often the most suitable method for resolving suits to enforce compliance with consumer protection laws because the awards in an individual case are usually too small to encourage the lone consumer to file suit." *Id.* (internal quotes and citations omitted).

Here, given the large number of individual lawsuits that would be required if a Class were not certified, a class action presents a superior method to fairly and efficiently adjudicate all of the claims of the Settlement Class in this case, within the meaning of Rule 23(b)(3). To the extent that any Class members wished to pursue any such individual claim, they were free to exclude themselves from the Class and the settlement under Rule 23(b)(3). Notably, not a single Class members who received notice elected to opt-out of the Settlement Class.

### C. *The Court Should Grant Final Approval to the Agreement Because It Is Fair, Reasonable, and Adequate*

"The settlement of a class action requires court approval." *In re Global Crossing Securities and ERISA Litigation*, 225 F.R.D. 436, 455 (S.D. N.Y. 2004). "If the [proposed settlement] would bind class members, the court may approve it only after a hearing and finding it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(C). "As a general policy matter, federal courts favor settlement, especially in complex and large-scale disputes, so as to encourage compromise and conserve judicial and private resources." *In re Global Crossing*, 225 F.R.D. at 455.

In evaluating a settlement, the court must consider the "substantive terms of the settlement compared to the likely result of a trial." *Malchman v. Davis*, 706 F.2d 426, 433 (2d Cir. 1983). "In this Circuit, courts examine the fairness, adequacy, and reasonableness of a class

settlement according to the . . . [following] factors . . . : (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005) (citations omitted). Application of these factors confirms the Court should approve the settlement.

> 1. ***The Complexity, Expense, and Likely Duration of Litigation/The Risks of Establishing Liability/The Risks of Establishing Damages/The Risks of Maintaining the Class Action Through Trial.***

The likelihood of success for the class members if they proceeded to trial is uncertain. The class claims and defenses involve complex legal issues and Defendant has raised defenses to the class claims, which Defendant avers would ultimately defeat the claims of the putative class. Settlement eliminates any further risk and expense for the Parties. Considering the potential risks and expenses associated with continued prosecution of the case, the probability of appeals, the certainty of delay, and the ultimate uncertainty of recovery through continued litigation, the proposed settlement is fair, reasonable, and adequate.

> 2. ***The Stage of the Proceedings and Amount of Discovery Completed.***

Considering the disputed issues between the Parties are legal, *not* factual, in nature, and that the Parties have exchanged information and documents concerning Plaintiff's allegations, Defendant's defenses, and potential damages, the Parties have exchanged sufficient information to make an informed decision about settlement. *See, Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1239 (9th Cir. 1998).

    ***3.    Defendant's Ability To Withstand A Greater Judgment/The Range Of Reasonableness Of The Settlement Fund In Light Of The Best Possible Recovery/The Range Of Reasonableness Of The Settlement Fund To A Possible Recovery In Light Of All The Attendant Risks Of Litigation.***

The FDCPA limits class damages to the lesser of $500,000 or 1% of the defendant's net worth. 15 U.S.C. § 1692k(a)(2)(B). Here, Defendant's class liability is capped at $43,500.00 and Plaintiff was able to negotiate a class damage award of $35,000.00 which represents 75% of the maximum relief available to the class. Moreover, a trial in this case would be expensive and lengthy and continued litigation would deplete Defendant's resources to pay any judgment or possible future settlement making early settlement even more valuable to the proposed class members. Considering the uncertainties of trial, and the possible difficulty in ultimately proving liability against Defendant, the proposed settlement is clearly fair, reasonable, and adequate. The settlement was negotiated at arm's length by experienced and capable Class Counsel, who recommend its approval. As proven by the affidavits attached to Plaintiff's motion for preliminary approval, Class Counsel are experienced consumer class action lawyers and well qualified to assess the prospects of their case and to negotiate a favorable resolution for the Settlement Class. [Docs. 12-2 & 12-3].

**C.    *The Settlement Was Not The Product Of Fraud Or Collusion*.**

The Parties negotiated the proposed settlement at arm's-length. Plaintiff did not use the class action procedure to gain a more beneficial settlement for himself. Plaintiff's $2,500.00 payment is justified by the settlement of his individual claims and by his willingness to serve as the Class Representative. Moreover, Class Counsel did not use the class action procedure to garner a larger monetary settlement than would otherwise have been warranted.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court grant his motion and enter the attached Final Approval Order.

Respectfully submitted and dated this 14th Day of November, 2012.

*s/ William F. Horn*
William F. Horn, Esq. (WH-1070)
LAW OFFICE OF WILLIAM F. HORN
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile: (866) 596-9003
E-Mail: bill@wfhlegal.com

Robert L. Arleo, Esq. (RA-7506)
LAW OFFICE OF ROBERT L. ARLEO
164 Sunset Park Road
Haines Falls, NY 12436
Telephone: (518) 589-1016
Facsimile: (518) 751-1801
E-Mail: r.arleo@verizon.net

*Attorneys for Plaintiff, Richard Gravina, and all others similarly situated*