UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x

RICHARD GRAVINA, an individual; on behalf of himself and all others similarly situated,

      Plaintiff,

vs.

WELTMAN, WEINBERG & REIS CO., L.P.A., an Ohio Corporation; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,

      Defendants.
----------------------------------------x

CASE NO.: 2:11-cv-01161-JFB-WDW

FINAL APPROVAL ORDER

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 16 2012 ★

LONG ISLAND OFFICE

  Upon consideration of the Parties' request for final approval of the Class Settlement Agreement ("Agreement") between Plaintiff, RICHARD GRAVINA ("Plaintiff"), individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendant, WELTMAN, WEINBERG & REIS CO., L.P.A. ("Defendant" or "WELTMAN WEINBERG"), the Court orders and finds as follows:

  1.  This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, Settlement Class members, and WELTMAN WEINBERG.

  2.  The following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

(a) all persons in the State of New York (b) for whom Defendant left a telephonic voice message (b) that failed to identify the caller as a debt collector or state that the call was for collection purposes (c) made in connection with Weltman Weinberg's attempt to collect a debt (d) during a period beginning on March 11, 2010 and ending on April 7, 2011.

  3.  Based on the Parties' stipulations: (A) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Settlement Class members, and

included whether or not Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692, *et seq.* through pre-recorded messages left for Settlement Class members which messages allegedly did not make proper disclosure of WELTMAN WEINBERG's identity or state that it was a communication from a debt collector; (C) the claim of Plaintiff is typical of the Settlement Class members' claims; (D) Plaintiff is an appropriate and adequate representative for the Class and his attorneys, William F. Horn and Robert L. Arleo, are hereby appointed as Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class members.

4. The Court approved a form of notice for mailing to the Settlement Class. The Court is informed that actual notice was sent by first class mail to approximately 9,820 Settlement Class members by First Class, Inc., the settlement administrator. A total of 1,164 notices were returned by the United States Postal Service as undeliverable with no forwarding address or further information. A total of 181 notices were returned by the United States Postal Service with a new address and were re-mailed.

5. A total of 916 Settlement Class members timely returned the proof of claim form and are entitled to a share of the monetary benefits of the settlement. A total of 38 Settlement Class members returned the proof of claim form after the cutoff date of October 1, 2012, or otherwise had a missing or illegible postmark; the Parties propose that the Court should permit these Settlement Class members to a share of the monetary benefits of the settlement.

6. On November 16, 2012, the Court held a fairness hearing to which Settlement Class members, including any with objections, were invited. No Settlement class members objected to, or requested exclusion from, the class settlement.

7.  The Court finds that provisions for notice to the class satisfy the requirements due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

8.  The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the Parties, including the Release and payments by Defendant. Upon the Effective Date, as that term is defined in the Agreement, Defendant shall make the following payments:

    (a)  Defendant will create a class settlement fund of $35,000.00 ("Class Recovery"), which a settlement administrator, First Class, Inc. will distribute *pro rata* among Settlement Class members who did not exclude themselves from the settlement, who timely returned a claim form, and who can be located ("Claimants"). Claimants will receive a *pro rata* share of the Class recovery by check. Checks issued to Claimants will be void sixty (60) days after issuance. If any portion of the Class Recovery remains by the void date on the Claimants' checks, these remaining funds shall be donated to Foundation Fighting Blindness as a *cy pres* award.

    (b)  Defendant shall pay Plaintiff $2,500.00.

    (c)  Class Counsel will receive attorneys' fees and costs in the amount of $37,500.00. Class Counsel will not request additional fees or costs from Defendant or the Settlement Class members.

9.  The Parties grant the following releases:

    (a)  Plaintiff, including each and every one of his respective agents, representatives, attorneys, heirs, assigns, or any other person acting on his behalf or for his benefit, and any person claiming through him (collectively "Releasors"), releases and discharges Defendant, as well as its parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, or assigns (in their respective capacities as officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns for Defendant (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now has or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time up through the Effective Date. Without limiting the generality of the foregoing, Releasors release

3

        Released Parties of all claims that were made or that could have been made in this lawsuit including all claims relating to Defendant's collection activity.

(b)    Each member of the Settlement Class who did not opt out releases and discharges the RELEASED PARTIES of all causes of action, suits, liability and claims including the payment of attorney's fees and costs arising from or relating to any call in which Defendant failed to identify itself or disclose that the call was for collection purposes.

(c)    IT IS EXPRESSLY STATED that the releases above DO NOT release any defense Plaintiff and each Settlement Class member may have with respect to the underlying debts which Defendant was attempting to collect, including (i) whether any debt is in fact owed, (ii) the crediting of payments on any debt, or (iii) the proper reporting of any debts to credit bureaus.

(d)    Defendant does NOT release its claims, if any, against Plaintiff or any member of the Settlement Class for the payment of their debts. The underlying debts Defendant sought to collect are not affected by this Agreement. This Agreement does not prevent Defendant from continuing to attempt to collect the debts allegedly owed by the Settlement Class members.

10.    The Court finds the Agreement is fair and made in good faith.

11.    Within thirty (30) days following the last void date of the Settlement Class members' checks, any uncashed checks or undistributed funds will be paid by First Class, Inc. to Foundation Fighting Blindness located at 7168 Columbia Gateway Drive, Suite 100, Columbia, MD 21046.

12.    The terms of the Agreement are incorporated into this order. This order shall operate as a final judgment and dismissal without prejudice of the claims in this action.

13.    Defendant, after all money has been distributed from the Class Recovery and no later than thirty (30) days after the Void Date, is to file a notice apprising the Court that the terms of the Agreement have been complied with and providing the Court with an accounting of how the money in the Class Recovery was distributed.

4

14. Ten (10) days after the filing of the notice contemplated in ¶ 10 above, the dismissal of the claims of Plaintiff and the Settlement Class shall be with prejudice and without costs, absent a timely motion by either Plaintiff or Defendant.

15. The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this order.

16. The Court retains exclusive jurisdiction to enforce the terms and provisions of the Agreement and this order.

17. The Parties are hereby ordered to comply with the Terms of the Agreement and this order.

*The Clerk of the Court shall close the case.*

11/16/12

IT IS SO ORDERED:

_____
HONORABLE JOSEPH F. BIANCO
Judge, United States District Court
Dated:

5